IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN KYLE III | ) | CASE NO. 5:11CV1395 |
| | ) | |
| Petitioner, | ) | JUDGE GAUGHAN |
| | ) | MAGISTRATE JUDGE BURKE |
| v. | ) | |
| | ) | |
| RICHARD GANSHEIMER, Warden, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | Doc. No. 5 |

Before the Court is a Motion (the "Motion") filed by Petitioner Sherman Kyle III ("Petitioner") captioned "Motion for Discovery and Inspection." Doc. 5. In this Motion, Petitioner seeks to conduct discovery pursuant to Rule 26(A) of the Federal Rules of Civil Procedure. Doc. 5, p. 1. Petitioner also requests that the Court order the State of Ohio to provide him with a complete copy of the trial record, including copies of all trial transcripts and all trial exhibits. Doc. 5, pp. 1-2. Petitioner further moves the Court to compel the State of Ohio to return property that was seized from him. Doc. 5, p. 2. Respondent has not opposed the Motion.

For the following reasons, Petitioner's Motion is DENIED.

**I.      Discovery**

Petitioner seeks the following discovery: (1) disclosure of any relevant written or recorded statements or confessions made by the witnesses for the State of Ohio; and (2) copies of victim testimony before the Summit County Grand Jury. Doc. 5, p. 1. Petitioner argues that he is entitled to this discovery under Rule 26 of the Federal Rules of Civil Procedure.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Rule 6 of the Rules Governing § 2254 Cases ("Rule 6") provides that

"[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." 28 U.S.C. § 2254 Rule 6.

The United States Supreme Court held for the first time in the recent decision *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), that federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398.  The Court reasoned that the "backward-looking language" of Section 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court." *Pinholster*, 131 S. Ct. at 1398.  Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id*. at 1400. Likewise, based on the plain language in the statute itself, review under § 2254(d)(2) is limited to evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(2); *Pinholster*, 131 S. Ct. at 1400 n.7.

Lower courts have taken *Pinholster* into account when ruling on discovery requests.  *See, e.g., Coddington v. Cullen,* No. CIV S-01-1290, 2011 U.S. Dist. LEXIS 57442, 2011 WL 2118855, *1 (E.D. Cal. May 27, 2011).  As explained by the Middle District of North Carolina:

> [A]ny new evidence unearthed during discovery in federal court and 'later introduced in federal court is irrelevant to § 2254(d)(1) [and (2)] review.' In other words, if the state trial court adjudicated . . . Petitioner's [claim] on the merits, such that Petitioner must satisfy the terms of § 2254(d), "good cause" does not exist for the discovery Petitioner seeks . . . because this Court may look only to the state court record in applying § 2254(d).

*Hurst v. Branker*, No. 1:10 CV 725, 2011 U.S. Dist. LEXIS 58910, 2011 WL 2149470, at *8 (M.D.N.C. June 1, 2011) (quoting *Pinholster*, 131 S. Ct. at 1400)).

2

This Court recently addressed the impact of *Pinholster* on discovery and determined that review of claims under § 2254 is "limited to the state-court record, and other evidence has no bearing on the Court's review."  *Williams v. Mitchell*, 1:09 CV 2246, 2011 U.S. Dist. LEXIS 108493, 2011 WL 4457788, *2 (N.D. Ohio Sept. 23, 2011).  Thus, this Court concluded that "allowing further factual development would be futile since the Court could not consider the information obtained in further discovery or an evidentiary hearing in resolving [the petitioner's] *Atkins* claim."  *Id.*; *see also Carter v. Bigelow*, No. 2:02-CV-326, 2011 U.S. Dist. LEXIS 71551, 2011 WL 2551325, at *1 (D. Utah June 27, 2011) ("[U]nder *Pinholster*, further factual development is futile.").

In this case, Petitioner has asserted five grounds for relief in his habeas petition, under both § 2254(d)(1) and § 2254(d)(2) (due process violation (firearm specification), due process violation (conflict of interest), ineffective assistance of trial counsel, ineffective assistance of appellate counsel, verdict against manifest weight of evidence).  In his § 2254 petition, Petitioner asserts that he raised all five grounds for relief on direct appeal in state court and that all were adjudicated on the merits.  Under the clear language of *Pinholster*, this Court's review of these claims is limited to the state-court record, and other evidence "has no bearing" on this Court's review.  *Pinholster*, 131 S. Ct. at 1398.  Allowing further factual development in this case would be futile because the Court could not consider any of the newly discovered evidence on review.  *Williams*, 2011 WL 4457788, at *2.  Accordingly, Petitioner's request for discovery fails.

II.     **Trial Transcript**

In the Motion, Petitioner also requests the following information: (1) copies of the trial transcripts, including the testimony of each witness for the state and expert witnesses; and (2) copies of all documents and evidence admitted at trial, including copies of all "police testimony,

3

arrest reports, Gun Shot Residue Report(s), Dove Report, and medical reports entered into evidence . . . ." (collectively referred to as the "Transcript"). Doc. 5, p. 1. Petitioner contends that he is entitled to these documents under Rule 26.

It is well established that a state court must provide an indigent defendant a copy of his trial transcripts and court records so that the defendant may prosecute his direct appeal. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 590-591, 100 L.Ed. 891 (1956). The Constitution does not require that an indigent defendant be provided a free transcript for use in attacking his conviction collaterally if a transcript was available on direct appeal. *See United States v. MacCollom*, 426 U.S. 317, 325–326, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). In other words, an indigent defendant does not have a right to more than one free transcript. *Smith v. Wilson*, 2008 WL 4279884 * 1-3 (N.D. Ohio, Sep. 15, 2008) (because plaintiff already had received the transcript required by due process, his motion for transcripts was denied to the extent that it asked for additional transcripts).

Here, Petitioner's request fails because he does not state that he or the attorney who represented him in state court did not receive a copy of the Transcript during his direct appeal. Nor has he explained a particularized need for the Transcript on collateral review. Accordingly, this request is denied.

### III. Return of Seized Items

Finally, Petitioner requests return of "[a]ll books, papers, documents or other tangible objects obtained from or belonging to the [Petitioner] or obtained from others by seizure or by process . . . ." Doc. 5, p. 2. To the extent that this is a request for further discovery, it is denied for the reasons set forth above. To the extent Petitioner is asking this Court to order the State of Ohio to return seized property, the request is not appropriate under a § 2254 petition.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Discovery and Inspection is DENIED.

IT IS SO ORDERED.

Dated: September 29, 2011

Kathleen B. Burke
United States Magistrate Judge