UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Sherman Kyle, III,** | ) | **CASE NO. 5:11 CV 1395** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Richard Gansheimer, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. 33) which recommends the denial of the Petition for Writ of Habeas Corpus pending before this Court. Petitioner did not file objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or

1

recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

### Discussion

Petitioner was sentenced in the Summit County Court of Common Pleas in February 2009 to an aggregate term of 11 years of imprisonment following his conviction for felonious assault with a firearm specification, having a weapon under disability, aggravated trespassing, aggravated menacing, failure to comply with order or signal of police officer, and criminal damaging or endangering. The Magistrate Judge rejected each of his five habeas grounds for relief.

In his first ground, petitioner claims that his conviction for "firearm conviction/weapon under disability" is contrary to law because those convictions are not supported by sufficient evidence. The Magistrate Judge analyzed the evidence and considered petitioner's arguments. The Magistrate Judge noted that petitioner admitted to having a shotgun under his control. While petitioner argues that the shotgun was inoperable, several witnesses recounted hearing gunshots. She concluded that a rational trier of fact could have found petitioner guilty. The Magistrate Judge considered petitioner's explanations for the evidence and determined that the state appellate court did not make an objectively unreasonable application of the sufficiency standard because under Ohio Supreme Court precedent brandishing a gun can be sufficient to satisfy the state's burden of proving that a

2

firearm is operable.

In his second ground, petitioner claims that the trial court's failure to *sua sponte* grant a mistrial based on alleged conflict of interest between Kyle and his trial counsel violated his right to a fair trial. The Magistrate Judge found this ground procedurally defaulted because Kyle failed to file a contemporaneous objection to the conflict during trial. The Magistrate Judge analyzed petitioner's argument and found that he failed to argue or demonstrate actual prejudice sufficient to overcome procedural default. The Magistrate Judge also noted that this ground is non-cognizable because it involves an error of state law. Finally, the Magistrate Judge addressed the claim and found no merit. This Court agrees.

The Magistrate Judge found the third ground for relief, which alleged that trial counsel was ineffective, to be procedurally defaulted. The Magistrate Judge found that ten of petitioner's alleged instances of ineffective assistance had not been presented to the state courts. The Magistrate Judge concluded that petitioner could not demonstrate cause for the default. The Magistrate Judge next considered petitioner's three other alleged instances of ineffective assistance and found them to be without merit. The Magistrate Judge concluded, and this Court agrees, that petitioner can not demonstrate that the state court's review was so lacking in justification to warrant federal habeas relief.

The Magistrate Judge considered petitioner's fourth ground for relief, that alleges that the verdict is against the manifest weight of the evidence. A claim that a conviction is against the manifest weight of the evidence does not state a constitutional claim, but rather posits a question of state law. As such, the Magistrate Judge concluded, and the Court agrees, that it does not state a cognizable claim for habeas relief.

3

Petitioner's fifth ground for relief contends that his appellate counsel was ineffective. The Magistrate Judge found that twelve of petitioner's alleged instances of ineffective assistance of appellate counsel had not been presented to the state courts. The Magistrate Judge concluded that petitioner could not demonstrate cause for the default. The Magistrate Judge then considered petitioner's remaining instance of ineffective appellate assistance. The Magistrate Judge determined, and the Court agrees, petitioner cannot show that appellate counsel's conduct fell below an objective standard of reasonableness and that he cannot demonstrate prejudice.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is DENIED.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/4/13